Martin, J.
On the 8th of June, 1820, the plaintiff obtained judgment against the present insolvents, who, on the 12th, presented their petition for a surrender of their property to their creditors, and obtained a stay of all proceedings against them. Afterwards the judgment was signed and recorded.
The plaintiff was ordered to be placed as a creditor on the tableau of distribution, as a *179 judgment, and consequently, mortgage creditor of the insolvents. The syndics appealed.
They contend, and I think justly, that at the time of the surrender, and order of stay of proceedings, there was not any complete judgment against the insolvents; that the syndics had a right to be heard against the judgment given, and be allowed to shew, that it ought not to have been signed; and when it was completed by the signature of the judge, the present insolvents had begun to have the ability of standing in suit as parties, and therefore, the plaintiff who was not a judgment creditor, at the time of the surrender, could not have become so, except on a call of the syndics into court. 3 Martin, 204.
I think the district court erred, and that we ought to reverse the judgment, and order, that the plaintiff be placed on the tableau as a simple creditor, and that he ought to pay costs in both courts.
Mathews, J.
The judgment obtained by Shaumburg being incomplete, for want of the judge’s signature, at the period of the cessio bonorum by the insolvents, gave him no benefit as a mortgage creditor, and cannot alter his *180 situation in relation to other creditors, whose credits were equal to his at the time of commencing suit.
Hoffman for plaintiff, Eustis for defendants.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the plaintiff be placed on the tableau of distribution, as a simple creditor, and that he pay costs in both courts.